IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT M. SINCLAIR,

    Plaintiff,

v.                                                                           No. _____

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

**COMES NOW** Defendant Zurich American Insurance Company ("Zurich") and hereby gives notice of the removal to this Court, pursuant to 28 U.S.C. § 1441, of the above-captioned action, formerly pending in the District Court for the Second Judicial District, County of Bernalillo, State of New Mexico as Cause No. D-202-CV-2014-03140. In support thereof, Zurich states:

    1. On May 5, 2014, Plaintiff Robert M. Sinclair ("Sinclair") filed a civil Complaint against Zurich in the Second Judicial District Court of New Mexico. Pursuant to 28 U.S.C. ¶1446(a), Zurich attaches hereto, as **Exhibit A,** a true and correct copy of Plaintiff's Complaint for Declaratory Judgment and for Damages, Certificate of Arbitration and Acceptance of Service.

    2. Zurich was served with process through the State of New Mexico Office of the Superintendent of Insurance by receiving a copy of the Summons, Complaint for Declaratory Judgment and for Damages, and Certificate of Arbitration on June 4, 2014. See Exh. A.

3. The Complaint alleges Plaintiff was struck by a motor vehicle, sustained physical injuries and incurred substantial damages, including medical expenses, past and future lost earnings and other damages. *See* Exh. A, Complaint ¶¶ 8 and 10.

4. At the time of the accident, Mr. Sinclair was employed by SAIA, Inc. ("SAIA") and was driving a vehicle owned by SAIA and insured by Defendant Zurich. *Id.*, Complaint ¶ 6.

5. Mr. Sinclair settled his claims against the other driver involved in the accident for his policy limits of $50,000.00. *Id.*, Complaint ¶ 11.

6. Plaintiff alleges that the $50,000.00 from the other driver's policy is "not adequate to compensate" him for his damages. *Id.*, Complaint ¶ 12.

7. Mr. Sinclair seeks damages "including, but not limited to, physical injuries, past incurred and future medical expenses, loss of enjoyment of life, emotional distress, past and future lost earnings and earning capacity and emotional and physical pain and suffering." *Id.*, Complaint ¶ 24.

8. Plaintiff filed, concurrently with his Complaint, a Court-Annexed Arbitration Certificate, certifying he "seeks relief in excess of twenty-five thousand dollars ($25,000.00) exclusive of punitive damage, interest, cost and attorneys' fees." *Id.*, Certificate of Arbitration.

9. In a letter dated November 1, 2013, Plaintiff alleged the injuries were "fairly severe," claiming he suffered a concussion, lost consciousness, and sustained injuries to his shoulder requiring surgery. Plaintiff further claims that he was off of work for an extended period of time and must be retrained in another profession. See letter from Attorney Cynthia A. Braun to Teresa O'Callahan, attached hereto as **Exhibit B**. In that letter, Plaintiff valued his claim in the "$300,000.00 to $350,000.00 range." *Id.*

10. In a letter dated February 13, 2014, Ms. Braun stated that Plaintiff "suffered a SLAP lesion with multiple ligament tears to his left shoulder requiring arthroscopic surgery and months of physical therapy, after which it was determined that he will never be able to return to work as a commercial truck driver." See letter from Attorney Cynthia A. Braun to Megan Day Hill, attached hereto as **Exhibit C**, p. 1. She further stated,"[h]e has incurred more than $73,721.99 in past medical bills" and "Mr. Sinclair's total past and future lost earnings are likely to be in the six figures." *Id.*

11. In an e-mail dated June 19, 2014, Ms. Braun confirmed Plaintiff is seeking in excess of $75,000.00 from Defendant Zurich. See e-mail, attached hereto as **Exhibit D**.

## Grounds for Removal

12. A defendant may remove any civil action brought in a State Court, for which the District Courts of the United States have original jurisdiction, to the federal district court encompassing the place in which the action is pending. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this case by reason of diversity of citizenship and the amount in controversy, which exceeds $75,000.00, exclusive of interests and costs.

## Timeliness of Removal

13. This Notice of Removal is timely as it was filed "within 30 days after the receipt by Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based [...]," as required by 18 U.S.C. § 1446(b)(1). See **Exhibit E**, Affidavit of Megan Day Hill, Esq., ¶ 9.

### Diversity of Citizenship

14.     The Complaint alleges Plaintiff Robert Sinclair is a resident of the County of Torrance, State of New Mexico. *See* Exh. A, Complaint ¶ 1.

15.     Zurich is a foreign insurance company with its principal place of business outside the State of New Mexico. See Exh. D, ¶ 5. As such, Zurich is not a citizen of the State of New Mexico for diversity purposes pursuant to 28 U.S.C. § 1332(c)(1).

### Amount in Controversy

16.     Plaintiff's Complaint does not allege a specific amount in controversy. Nevertheless, the nature of the alleged injuries and types of damages sought in the Complaint, *i.e.*, shoulder injuries requiring surgery, concussion, and loss of consciousness, are the type of injuries that would incur substantial past and future medical expenses, past and future pain and suffering, and potential change in profession resulting in past and future lost earnings in an amount in excess of $75,000.00. See Exh. D, ¶ 8.[1] For purposes of removal, a defendant may rely on an estimate of potential damages from the allegations in the complaint. *See, e.g., McPhail v. Deere & Co.*, 529 F.3d 947, 955-56 (10th Cir. 2008). The District Court can also aggregate actual damages and other damages sought by Plaintiff. *Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007). Finally, a defendant may meet its evidentiary burden to show the jurisdictional amount in controversy, "by calculation from the complaint's

---

[1] *See also, e.g., Lee Hodge v. Kmart Stores, Inc.*, 2001 WL 340311231 (Verdict and Settlement Summary) (N.M. Dist. Jan. 28, 2001) ($110,000.00 verdict in premises liability action); *Guyla Maples and Penny Lynons v. City of Roswell*, 2000 WL 33935409 (Verdict and Settlement Summary) (N.M. Dist. Feb. 7, 2000) ($104,750.00 award in negligence action against city with claims of personal injury and lost wages); *Gallegos v. Los Lunas Schools*, 1999 WL 33564208 (Verdict and Settlement Summary) (N.M. Dist. Nov. 29, 1999) ($166,229.00 award in trip and fall case).

allegations or [...] by reference to the plaintiff's informal estimates or settlement demands." *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1247 (10th Cir. 2012). See also, *McPhail,* 529 F.3d at 956 and *Valdez v. Byers,* No. 09-cv-00764, 2009 WL 1440090, at *2 (D. Colo. May 20, 2009) ("as the *McPhail* case and the plain language of Rule 408 make clear, settlement demands are admissible and relevant when determining the jurisdictional amount in controversy").

17. Pursuant to 28 U.S.C. § 1446(d), Zurich filed a Notice of Removal in the Second Judicial District Court and sent a conformed copy to counsel for Plaintiff and to the Second Judicial District Court Clerk on the date stated in the Certificate of Service contained below.

**WHEREFORE,** because there is complete diversity of citizenship for all named parties and since Plaintiff's alleged damages are in excess of the sum of $75,000.00, exclusive of interest and costs, Defendant Zurich respectfully requests this Honorable Court assume jurisdiction over this action pursuant to 28 U.S.C. §§1332 and 1441.

Respectfully submitted,

CIVEROLO, GRALOW, HILL & CURTIS, P.A.

By _____
Megan Day Hill, Esq.
Kerri L. Allensworth, Esq.
*Attorneys for Defendant Zurich American Insurance Company*
P. O. Box 887
Albuquerque, NM 87103-0887
(505) 842-8255
hillm@civerolo.com
allensworthk@civerolo.com

5

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this ___30th___ day of June, 2014, the foregoing was submitted for electronic filing with the Court and the following parties or counsel were served by U.S. Mail as follows:

Cynthia A. Braun, Esq.
*Attorney for Plaintiff Robert Sinclair*
P.O. Box 8009
Albuquerque, NM 87198
(505)268-6500
Cynthia@ParnallLaw.com

 

_____
Megan Day Hill, Esq.
Kerri L. Allensworth, Esq.