IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT M. SINCLAIR,

        Plaintiff,

vs.                                           CIV 14-0606 WPL/KBM

ZURICH AMERICAN INSURANCE CO.,

        Defendant.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

THIS MATTER came before the Court on the Motion for Protective Order filed by Defendant ("Zurich"). *Doc. 21.* Having reviewed the briefs submitted by the parties and relevant authorities, the Court finds the motion to be well taken.

Plaintiff brings only a contractual claim in this action contending that Zurich failed to obtain a valid rejection of UM/UIM coverage from SAIA whose employee suffered injuries as the result of an on-the-job vehicle accident. Nevertheless, Plaintiff seeks broad production of Zurich's policies and training materials, to include "employment manuals, training materials, training videos, computer-assisted programs, instructional materials, memos, e-mails and other communications" as well as other literature, both prior to and after the transaction at issue, which relate to an insured's rejection of such coverage.

In response, Zurich argues that

> the first, and possibly only, issue to be decided by the Court is whether SAIA's rejection of UM/IUM coverage was valid under New Mexico law. In order to make that determination, the Court must evaluate evidence addressing (1) what actions Zurich took <u>in this particular transaction</u> with SAIA regarding rejection of UM/UIM coverage, and (2) whether its actions <u>in this particular transaction</u> comply with New Mexico law (*e.g.*, did it offer SAIA UM/UIM coverage, did it provide the requisite information to SAIA, [did it] obtain a valid rejection from SAIA, etc.)? These inquiries do not require an analysis of Zurich's <u>general</u> policies and procedures regarding the handling of an insured's rejection of UM/UIM coverage or involve how Zurich trains its employees to process and obtain UM/UIM rejections.

Reply Brief, *Doc. 28* at 3 (emphasis in original). Simply put, I agree with Defendant that because Plaintiff asserts no extra-contractual or bad faith claim in this action, such a potentially burdensome production is not calculated to lead to admissible evidence as to the solely contractual claim at issue in this case.

Wherefore,

IT IS HEREBY ORDERED that Defendant's Motion for Protective Order *(Doc. 21)* is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE